# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 8285 | **DATE** | 9/26/2012 |
| **CASE TITLE** | *Dean, et al. v. Eclipse, et al.* | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, the motion to compel the plaintiffs to respond to questions about the Warehouse Workers for Justice [61-1] is denied without prejudice. The plaintiffs' motion for leave to file a sur-reply [67-1] is granted. The plaintiffs' request to allow the filing of *amicus* briefs is denied as is their request for *in camera* inspection of certain documents. The parties shall follow the meet and confer procedure as detailed below.

■[ For further details see text below.]   Docketing to mail notices.

# STATEMENT

Defendant Eclipse moves to compel testimony of the plaintiffs in this putative class action. For the reasons stated below, the motion to compel is denied without prejudice as discussed below.

The plaintiffs brought suit on behalf of themselves and others who are similarly situated alleging violations of state and federal wage and hour laws including the Fair Labor Standards Act ("FLSA"), the Illinois Minimum Wage Law ("IMWL"), the Illinois Wage Payment and Collection Act ("IWPCA"), and the Illinois Day and Temporary Labor Services Act ("IDTLSA"). In the depositions of several plaintiffs, the defendants asked questions about the plaintiffs' affiliation with an organization called the Warehouse Workers for Justice ("WWJ"), which bills itself as an "independent workers center" founded by the United Electrical Workers ("UE") and financially supported by the UE Research and Education Fund. The plaintiffs' counsel objected to questions about the WWJ based on a First Amendment associational privilege and the protections afforded by the National Labor Relations Act ("NLRA"). Eclipse moves to compel the plaintiffs to respond to their questions.

Before addressing the merits of the asserted privilege, the Court notes that Eclipse states that it does *not* seek to discover the following information: (1) the plaintiffs' activities in the WWJ unrelated to this lawsuit; (2) the WWJ's organizational or advocacy activities beyond this litigation; (3) who, beyond the named plaintiffs/putative class representatives, are connected with, paid by, participate in or are members of the WWJ; or (4) the plaintiffs' concerted activities while employed by Eclipse because Eclipse is no longer a contractor at the Schneider warehouse at issue and the plaintiffs are no longer employed by Eclipse or Schneider, the company that runs the warehouse at issue.

However, Eclipse contends that it has a right to know: (1) whether the plaintiffs are on the WWJ payroll or are being otherwise compensated for this litigation; (2) whether the plaintiffs have agreed to pay

their attorneys for their efforts and/or for the costs of this litigation and, if not, whether the WWJ is paying for those efforts in furtherance of its institutional objectives; (3) whether the plaintiffs supplied information to the WWJ which may conflict with their claims in this litigation; and (4) whether the plaintiffs have agreed to reimburse or pay the WWJ in any fashion for the proceeds of recovery. According to the defendants, these inquiries affect the credibility of the plaintiffs and the status of the plaintiffs as proper class representatives.

A. Protections Under the NLRA

The plaintiffs assert that questions about their affiliation with the WWJ or their organizing activity within the WWJ violate Section 7 of the NLRA, which "gives employees the right to keep confidential their union activities, including their attendance at union meetings." *In re Guess?, Inc.*, 339 NLRB 432, 432 (2003).

Eclipse asserts that the matter of whether certain questioning is prohibited by the NLRA is within the exclusive initial jurisdiction of the NLRB. Apparently, Eclipse contends that the plaintiffs' argument regarding protections afforded under the NLRA can only be raised in an unfair labor practices complaint in front of the NLRB. Indeed, the plaintiffs rely solely on proceedings before the NLRB in support of their contention that the defendants questions violate Section 7 of the NLRA. Regardless, the plaintiffs assert that an order compelling their answers to the defendants' questions about the WWJ would constitute a court-sanctioned violation of the NLRA.

But Eclipse's inquiries, to the extent that they have been generally outlined in its brief, do not appear to implicate concerns protected by the NLRA. Eclipse does not seek information regarding the union organizing activities of the plaintiffs. The plaintiffs have made known their affiliation with the WWJ and indeed, as Eclipse notes, some wore WWJ t-shirts to their depositions. Thus, any protections provided to the plaintiffs by the NLRA regarding their WWJ membership has been waived. Moreover, Eclipse contends that it does not seek the names of any other WWJ members or any information regarding organizing activities. Thus, to the extent that the NLRA privilege is applicable here, the Court finds it irrelevant to this case given the record before it.

B. Associational Privilege

In the alternative, the plaintiffs seek to rely on the associational privilege. "The First Amendment associational privilege emerges when a discovery request specifically asks for a list of a group's anonymous members, or requests any similar information that goes to the heart of an organization's associational activities, and such disclosure could arguably infringe upon associational rights." *Anderson v. Hale*, No. 00 C 2021, 2001 WL 503045, at *3 (N.D. Ill. May 10, 2001). "Infringement occurs if disclosure would adversely affect the members' ability to pursue their collective effort to foster beliefs by either inducing them to withdraw from the organization or dissuading others from joining it." *Id.* The party seeking to assert the privilege "need only show that there is some probability that disclosure will lead to reprisal or harassment." *Id*. (internal citation and quotation marks omitted).

If a party makes such a showing, then the Court engages in a balancing test to weigh the parties' competing interests in protecting versus obtaining the information. *In re Heartland Institute*, No. 11 C 2240, 2011 WL 1839482, at *2 (N.D. Ill. May 13, 2011). The Court looks at three factors in balancing the parties' interests: (1) the relevance of the information sought; (2) the need for the information, or, in other words, whether the information can be obtained through other means; and (3) the extent of injury that the disclosure

| STATEMENT |
|---|

may cause to associational rights. *Id*. at *3.

 As discussed above, Eclipse provides general categories of information they are seeking from the plaintiffs. But addressing the issue of privilege in the context of general categories of questions is not a worthwhile endeavor because when the specific questions are actually posed, each side will have its own interpretation of whether they fall within the approved general categories or not. Therefore, the motion to compel is denied without prejudice.

 The Court directs Eclipse to create a list of 15 specific questions it would like to ask each of the plaintiffs regarding the WWJ and provide this list to the plaintiffs within 2 days of the date of entry of this order. The plaintiffs shall then prepare and submit a brief response to each of the questions indicating whether they object to the question and the specific legal ground for the objection. The response shall include citation to authority for each objection. To the extent that the plaintiffs intend to rely on the privilege they have asserted based on Section 7 of the NLRA, they shall include legal authority supporting their contention that the Court has jurisdiction to enforce such a privilege. The plaintiffs' response shall be provided to Eclipse no more than 3 days after receiving the list of questions from Eclipse.

 The parties shall then meet and confer in person no more than 3 days after the plaintiffs' objections are submitted to Eclipse. Because the purpose of this exercise is to allow the parties to fully discuss and resolve the privilege issues, both sides shall attend the meeting with all of their legal authority at hand and with the intent to come to agreement on the content of 15 questions that Eclipse may ask regarding the WWJ.

 No more than 5 days after their meeting, the parties shall jointly file the list of agreed-upon questions. In the event that the parties are unable to resolve their disputes with respect to certain questions, any objections shall be indicated and a brief discussion of each side's supporting legal authority, with citations, shall be provided in the filing. The Court will then issue a ruling as to which, if any, questions may be posed to the plaintiffs and the Court retains the right to order that the questions be responded to in written form. Eclipse is admonished that, in the event the Court allows them to ask the questions of the plaintiffs in follow-up depositions, they will not be entitled to ask any questions that are not on the list that is jointly submitted to the Court.